United States District Court
Southern District of Texas
**ENTERED**
August 24, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MEI KWAN MONA LAM, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-02751 |
| § | |
| USCIS, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on March 5, 2025 (Doc. #30) and Plaintiff's Objections (Doc. #31). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

Plaintiff filed this suit seeking de novo review of USCIS's denial of her naturalization application under 8 U.S.C. § 1421(c). *See* Doc. # 1. Plaintiff raises three objections to the Memorandum and Recommendation. First, Plaintiff argues that the Magistrate Judge erred in concluding that she was "deported" rather than "excluded" when she was removed from the United States in 1991. Doc. #31 at 2–5. However, the Court agrees with Judge Ho's determination that the record evidence of Plaintiff's immigration history, considered alongside the governing regulations, conclusively demonstrates that Plaintiff was deported rather than excluded from the United States in 1991. *See* Doc. #30 at 9–13. Second, Plaintiff argues that the Magistrate Judge

misapplied the summary judgment standard by finding that no genuine dispute of material fact exists as to whether Plaintiff's 1991 removal from the United States constituted an exclusion or a deportation. Doc. #31 at 5. However, as discussed above, the record evidence conclusively establishes that Plaintiff was deported rather than excluded from the United States in 1991. *See* Doc. #30 at 9–13. The Court finds that Plaintiff has identified no genuine factual dispute that would frustrate summary judgment. Finally, Plaintiff argues, for the first time, that even if Plaintiff had been deported, it still would not have affected her eligibility to adjust her status to that of a lawful permanent resident because she adjusted her status under 8 U.S.C. § 1255(i), which allows certain individuals who entered the U.S. unlawfully or overstayed to apply for adjustment of status if they were beneficiaries of labor certifications or visa petitions filed on or before April 30, 2001. Doc. #31 at 5. However, "a party who objects to the magistrate judge's report waives legal arguments not made in the first instance before the magistrate judge." *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851 (5th Cir. 1998). Accordingly, Plaintiff's new argument is not properly before the Court for consideration.

For the foregoing reasons, the Court adopts the Memorandum and Recommendation (Doc. #30) as its Order. Defendants' Motion for Summary Judgment (Doc. #21) is hereby GRANTED. The Court will enter a separate Final Judgment.

It is so ORDERED.

AUG 2 2 2025
Date

The Honorable Alfred H. Bennett
United States District Judge